This is the noisiest cave I've ever seen. We will hear argument next in number 131637, In Re Dinsmore, Mr. Lopez, whenever you're ready. May I please the court? The issue in this case is whether an error committed during prosecution in order to render some claims allowable, where that error, the moment that it was entered, renders the patent, the resulting patent unenforceable, is correctable by reissue if that which had been dedicated to the public is maintained, dedicated to the public, and any protection that was given to the public is also preserved. If we were to think that an error has to be a false understanding at the time a decision is made, what evidence establishes what that false understanding was in this case? In this case, an associate made an incorrect assumption that the application and another patent were commonly owned. That incorrect assumption was not corrected and the associate proceeded to file an incorrect terminal disclaimer that the moment it was entered, rendered any resulting application unenforceable. Well, it's not really unenforceable, is it? I mean, if the common ownership were reacquired, reestablished, then it would be fully enforceable within the limits of the terminal disclaimer, correct? There is. I mean, it may be a practical difficulty, but it doesn't render the patent void in that sense, right? It is not void, Your Honor. It's not void, but it's unenforceable. Well, unenforceable under the current circumstances. Well, Your Honor, there is no precedent for correcting a terminal disclaimer. No, no. But you could certainly correct the circumstance that the two patents are not commonly owned. And if you did, I guess this patent would be enforceable, right? Your Honor, there's no precedent for that in the sense that if they were not commonly owned at the time that you entered that terminal disclaimer, correcting the terminal disclaimer at a later date by making them commonly owned, there is no precedent for the fact that that would be making the patent enforceable. Really? I mean... Your Honor, in fact, we cited in the brief at this one case where a district court has not allowed the correction of a terminal disclaimer at a later date. So there is... Let me ask you this question. Suppose that you have two potential inventors. One inventor has invented nine of the claims, but the other possible inventor might have invented a tenth claim. So you decide, well, let's toss Jim in there as an inventor because he did a lot of work on the patent and he was largely responsible for one of the claims. And then the patent issues with the two inventors, and sure enough, Jim, the second inventor who is responsible for only one claim, decides he has no interest in enforcing the patent. He's not going to go along with any lawsuit. So the patent becomes effectively unenforceable, does it not? Now, suppose you come in and you say and reissue, we want to change the inventorship by dropping off Jim's claim. Would that be something you could do under the reissue statute? Would that be error of naming Jim because you didn't understand that Jim would be balking at enforcement of the patent? Would that be an error correctable under the reissue statute? Your Honor, we can easily differentiate that from the present situation. In that case, it was a correct naming of an inventor. Well, but it was a bad strategic judgment. It was a mistake in the sense that had they known what Jim's intentions were, they would never have added that claim. Your Honor, we differentiate between a deliberate decision and a totally correct statement. Well, it was a deliberate decision. Nobody thought they had the wrong form, right? It was deliberately entered a terminal disclaimer. The only question is, was it a bad decision? Your Honor, we differentiate that the Board of Appeals made this akin to a contract. As a contract, this is basically a contract with antecedent and possibility. In the modern language, that's called common mistake. But it's a mistake. It's an error. It will be unthinkable that an attorney would render a patent unenforceable in a deliberate action. I just assume I agree with you that there wasn't a mistake here that renders the patent inoperative or invalid within the meaning of the statute. What I'm struggling with is the rest of the statute. I don't know if you have 251 in front of you, but it says, by reason of a defective specification or drawing or by reason of the patentee claiming more or less than he had a right to claim the patent. So it seems like there's two bases for getting a reissue. And it doesn't sound like this is a mistake in the specification or drawing. So how is this claiming more or less than you had a right to claim? Because in rendering this incorrect terminal disclaimer, you were given four claims. You had no right to those four claims. So the patentee was claiming more than he had a right to claim. I'm sorry, as I understand the regulation, putting aside other questions about anticipation, he did actually have a right to those claims because he filed a terminal disclaimer that was completely valid under the regulation. The regulation does not require that there be common ownership to file a terminal disclaimer. It requires only that the terminal disclaimer say that the patent will be enforceable only at times that there is common ownership. He filed that. That complied with the regulation as I understood it. And he got his four claims, assuming he needed a terminal disclaimer for it. Those four claims were obtained by an error. It totally rendered the patent totally unenforceable unless the patent is given away. That would be the correction, which also doesn't go to the intent of the statute. Is there an operative reissue declaration, any of the proposed ones, including, I guess most importantly, the last of them, I assume each one superseded the others, that declares in straightforward terms, I believed at the time, falsely as it turned out, that there was common ownership. I don't remember seeing such a declaration about Mr. Dinsmore's belief about ownership at the time. Your Honor, I don't believe that is in the reissue declaration. The reissue declaration says that the terminal disclaimer was incorrect and really it would go down from Mr. Dinsmore to Mr. Dinsmore's agent or attorney. But it says that it was an incorrect terminal disclaimer. Did the patent issue because of the terminal disclaimer or did it issue because you amended the claims? It's confusing to me what actually happened here. There are about four claims that rely on the terminal disclaimer. No, no, no. I understand that. But the examiner issued a rejection on more specific grounds and then also talked about the double patenting problem. In response, you amended the claims and added the terminal disclaimer. When the examiner accepted the things, did he rely on the fact of the amendment or the terminal disclaimer or both? Can you point that to me in the decision? Because I am confused. It's not in the decision, but it's both because the claims are amended to overcome one or two rejections there. And the incorrect terminal disclaimer was submitted for the obvious double patenting. Is there a specific point in the examiner's decision that I can read that tells me that? In the reason for allowability, the examiner doesn't say exactly that, but it says that some claims were allowed because of the obvious double patenting being overcome by the incorrect terminal disclaimer. Does it make any difference to your case if the reason the claims were allowed was because of the amendment and didn't have anything to do with the terminal disclaimer? No, in the sense that it is the incorrect terminal disclaimer that is the problem. And to correct this would require that... But going back to the statute, if the reason you got the patent was because of the amendment, then didn't you get exactly the... Sorry, I've lost my place, but you got precisely the amount you had a right to claim in the patent if it was because of the amendment. Those four claims were allowed and the examiner says so in the notice of allowability. Those four claims were allowed because of the terminal disclaimer. That's in the record that would be the notice of allowability which I haven't... A-595 following to A-599 Right, so at 599 the examiner notes under a heading called Terminal Disclaimer in paragraph 2 the terminal disclaimer that we talked about last time has been submitted and then goes on to talk about allowable subject matter and that discussion includes all of the four claims that were subject to the terminal disclaimer. That's why at least I remained uncertain whether a terminal disclaimer actually was necessary in this case to whatever extent that matters to the 252 issue. By that first statement the examiner is stating that the terminal disclaimer was necessary to remove the obvious and subtle patent in rejection. If you would look at the arguments in the replies the amendments were used for the 102 rejection. You are into your To make sure I understand what your legal position is with respect to what constitutes an error in the context of a terminal disclaimer suppose you have a perfectly valid set of claims and the prosecuting attorney comes in and enters a terminal disclaimer which should never have been it was not necessary but if you want to give part of the patent back to the public, so be it and then later you come back and you want to get rid of the terminal disclaimer because it wasn't required. Is that an error that could be corrected under reissue? The answer to that is no because once you give something to the public It was a terrible mistake but if you have given it to the public you cannot take it away but that is not a terminal disclaimer that vendors the patent unenforceable It renders it unenforceable for the term but not forever We go back to the intent of this topic I don't want to take any more of your time but you've answered my question We'll restore up to 3 minutes The original rebuttal time he should get back May it please the court The PTS position is that the board should be affirmed for 3 independent reasons The first reason is that reissue is a statutory remedy and the particular alleged error here relates to enforceability and not operativeness or validity Second, as the panel has discussed the conduct here really wasn't an error It was a choice It may have been a bad choice but it's not the kind of error that's correctable by reissue Third, and equally important no case has ever allowed a terminal disclaimer to be removed through reissue because as Mr. Lopez just said once you dedicate something to the public you can't get it back We believe any of those 3 reasons prevents a reversal of the board in this instance Can you focus on the second point? I think I'm right in understanding but you can tell me if I'm not that probably most errors that are corrected on reissue are the result of deliberate choices The question is what is the basis of the choice? Very few errors are I typed something wrong or it was inadvertent It was rather that there was some assumption underlying the deliberate choice and the assumption is now asserted to be wrong It seems to me to say all by itself it was a choice doesn't begin to define what errors count Can you help in defining what errors count? I think the language of 251 as Judge Hughes alluded to points to certain kinds of errors like an error in the specification or by claiming more or less than the patentee had right to claim There was an error that came up in the ODA case that was presented to the court where in the translation from a Japanese patent application to a U.S. translation they said nitrous instead of nitric and as a chemical matter that makes a great difference in whether the claims are going to make any sense or not The kinds of choices that are made here as discussed in Sorenkin a choice to give up an earlier filing date in order to get your drawings in the door I guess what I keep focusing on is what I was asking Mr. Lopez about I'm not sure that there is but suppose there was a straightforward statement in a reissued declaration I believed at the time that these things were commonly owned That turned out to be false First of all, tell me, is there such a thing? And second, if there had been, why would that not be enough? Well if I think I understand your question the terminal disclaimer here actually didn't have an error in it and I think your honors discussed that I hope I'm answering your question the terminal disclaimer here simply made a promise I know, I appreciate that Suppose the reissued declaration said I promised here that this patent would not be enforced except at such times as there is common ownership I did promise that but the only reason I promised that was that I thought that there was factual assertion about the world I believed that factual assertion at the time I was mistaken Well, putting aside the fact that it wouldn't get around the statutory language or the terminal disclaimer problem just purely looking at that error I think that might rise the level of an error but that's not what the terminal disclaimer said here I'm sorry, my hypothetical leaves the terminal disclaimer exactly  Ok, I'm sorry, let me revise my answer There is no evidence in the record regarding what the error was I mean, we don't know Mr. Caruso, one of the inventors, is a sophisticated party has numerous inventors on this X-ray excuse me, applications and patents on this X-ray technology and he has numerous relationships with Carl Zeiss who is the assignee of the first patent so we could take your hypothetical at face value and accept the error but in order for that hypothetical to apply to this case we need some kind of evidence of what actually happened Ok, so where I started my first question was is there evidence of that error and you're saying no now let's talk about the legal standards suppose there were such evidence of a false belief a belief at the time of the submission of the terminal disclaimer that there was common ownership and then later a reissued declaration that says I believe that it's false I believe that period new sentence, it is a false it was a false belief as it turned out why would that not be a correctable error on reissue because that error doesn't relate to operability or validity that relates to enforceability and this is a statutory remedy and it would not qualify under the statute and as this court said in Weiler why isn't a patent inoperative if it's unenforceable inoperative is a term of art used in the patent law to refer to utility and usefulness Ok, let's assume we don't agree with this on that I'd like to get back to what Judge Toronto was trying to ask you whether it's correctable or not let's assume unenforceability is inoperativeness is there still something in the statute that it could come under if he had this mistaken belief in joint ownership would he be claiming more than he had a right to if he relied on that mistake and the patent was granted on the basis of that mistake I'd like to address the operative point but just to put that aside for a minute I think he would still have a problem because as you pointed out even if you accepted arguendo that enforceability fell under inoperativeness there's further limitation in the statute there are two reasons it has to be reason of a defective specification or drawing which is not alleged here or it has to be reason by the patentee claiming more or less than your right to claim this isn't a claiming problem this is an ownership problem so you'd have to stretch the definition of claiming to include these ownership issues and you'd have to stretch the meaning of operativeness to include enforceability and at a certain point this reissue exception is going to swallow the rule that when patents are issued they set the mean balance of the patent explain why it wouldn't be the case I guess I'm thinking it might be more than I thought than I was entitled to because I included claims that I never would have included or maybe even more plausibly it's less than I had a right to claim because I just gave up a bunch of years of my exclusivity right on an assumption that turned out to be false you know why is that not claiming less than I had a right to claim well it's not a claiming problem it's an ownership problem it doesn't go to the language used within the claims or the scope or the breadth of the claims you're saying it doesn't have to do with the language in the claims it has to do with the period of protection for whatever has been claimed correct, it's a procedural issue not a substantive issue this language talking about the claims by reason of the patentee claiming more or less than a right to claim goes to the substance of the words used within the claim language and reissue for a historical note is something that came up in the 1800s by the Supreme Court was later codified in 1832 and 1836 using the same language remind me is reissue available for for reissuing the identical claims but with corrected specification either to provide support or maybe even also to establish the priority chain so that the scope of the claim is unchanged yes there can be defects in the specifications that are corrected that would be under the second prong in the order effective specification but not under the claiming more or less I think it's very important to understand a little bit historically that this idea of operativeness and validity does not relate to procedural problems there has never been a single reissue case that we are aware of where a procedural defect or an enforceability issue has ever been corrected by reissue and just in 2013 this court had the occasion to consider whether or not terminal disclaimers could be removed on reissue in the Yamazaki case and said that it can't because again as Mr. Lopez said once you dedicate your patent to the public whether that is the substance of a claim or the length of enforceability or the way it can be enforced that can't be undone those eggs cannot be unscrambled and as this court said in Weiler I understand that with regard to the term of years that comes from 253 but I don't understand where that comes from within the ownership disclaimer well I think the ownership disclaimer I'm sorry I'm interrupting but I want to finish the thought because the whole point of not getting back the years is you put in the patent I'm only going to enforce it to a certain date and so the public has to be able to rest assured on that but it doesn't seem to serve the same the ownership disclosure if you want to call it that it doesn't seem to serve the same kind of public interest so it seems that there could be a distinction there I'm not saying there is but I don't see the same reason for it well I think the ownership distinction serves a very important public interest that's been recognized by this court the predecessor to this court and again by this court which is that it prevents two separate owners from enforcing essentially with the same invention against an infringer and there have been many cases by this court which have gone into great detail when this common ownership element of the terminal disclaimer has been specifically challenged as unlawful and this court has said time and time again that this protection against potential infringers by having the same invention enforced by two different parties is a very important part of the terminal disclaimer practice and I think it goes 253 kind of has two portions it has a substantive portion that goes to disclaiming parts of the claim and then it has a timing portion but with respect to both portions the statute says that once you file your terminal disclaimer with the patent office it's thereafter considered part of the original patent and then even the reissue statute kind of ties back into that because it says even if you make a change you can't change what's been dedicated to the public and there it specifically refers to the timing element because even in reissue you can only reissue for the term that you still have remaining so it seems to me that perhaps there might be a case as Judge Taranto was hypothesizing where some of these hurdles would be overcome but here the facts aren't there to establish the error in the first instance and even if there were an error because we're dealing with procedural issues and enforceability issues and ownership issues we can't get under the specific umbrella of the reissue statute as it's plainly defined so for all those reasons we believe that the board's decision should be affirmed. Thank you. Mr. Lopez, you have three minutes. Those claims would not have been allowed without the Incovect Terminal Disclaimer so it's definitely a case of claiming more than you were entitled to. Patentee was not entitled to claim those claims except for this Incovect Terminal Disclaimer. In the original statute it says that in the reissue declaration it was clearly stated that the Terminal Disclaimer was incorrect at the moment it was issued. When you say the claims wouldn't have been allowed do you mean this particular examiner wouldn't have allowed the claims or do you mean that they simply were not legally allowable? With the arguments used those claims should not have been allowed. Should not have been allowed. Because there was an obvious patentee rejection and the Incovect Terminal Disclaimer was used to obtain those claims. In Inveriola the predecessor of the court basically said that Inoperable is ineffective to protect the invention. There's nothing more ineffective to protect the invention than an unenforceable patent. It does not protect the invention. It's like opening the door to your house and saying come in and take whatever you want. There hasn't been a case in which reissue was not allowed in which the patentee does not obtain the benefit that the statute wanted to provide him. That was the intent of the reissue statute to allow the patentee to gain that benefit. That is what the statute used to entice the patentee to disclose the invention. And that was very clear in Grant v. Raymond which is the Supreme Court case that basically gave us the reissue statute. And finally there has never been a proposal to remove the disclaimer to replace it with a Incovect Terminal Disclaimer so the public gets what was given to them. We cannot take it away. Second, in the reissue application the claims that were given because of the Incovect Terminal Disclaimer were cancelled. So the public will never be sued by two parties for the same claim. The protection to the public was preserved in the reissue application. And there has always been the intention to keep the protection to the public and keep what was granted to the public. But we go back to the fact that there has not been a case where reissue has not been allowed where the patentee ends up not getting the reward that the statute offered. And that is the intent of the reissue section of the statute. For those reasons, Your Honor, we ask to reverse the decision and remand the case back to the Department of Justice. Thank you, Your Honor.